**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| ADAPT-A-CASE, INC.<br><br>Plaintiff,<br><br>v.<br><br>ALL SEASON SERVICE AND SALES LLC, D/B/A DIRTY HOOKER DIESEL, AND ANTHONY BURKHARD<br><br>Defendant. | Civil Action No.: ___________ |

# COMPLAINT

Adapt-A-Case, Inc. alleges as follows against All Season Service and Sales LLC, d/b/a Dirty Hooker Diesel and Anthony Burkhard. The allegations herein are made based upon personal knowledge as to Adapt-A-Case, Inc. with respect to its own actions, and upon information and belief as to all other matters.

## THE PARTIES

1. Adapt-A-Case, Inc. is a corporation organized and existing under the laws of the State of Michigan with a place of business at 3400 Jefferson Avenue, SE, Wyoming, MI 49548 (hereinafter "Adapt-A-Case" or "Plaintiff").

2. All Season Service and Sales LLC, d/b/a Dirty Hooker Diesel, upon information and belief, is a limited liability company organized and existing under the laws of the State of Michigan with a place of business at 227 Industrial Drive, Harbor Beach, MI 48441 (hereinafter "Dirty Hooker" or "Defendant").

3. Anthony Burkhard, upon information and belief, is an individual residing in or around Harbor Beach, MI and having a place of business at 227 Industrial Drive, Harbor Beach, MI 48441 (hereinafter "Burkhard" or "Defendant"). Upon information and belief Mr. Burkhard is the owner and president and/or managing member of Dirty Hooker.

4. Defendants Dirty Hooker and Burkhard are doing business within the State of Michigan, and are engaged in continuous and systematic business within the State of Michigan, including directly and/or by the placing of products into the stream of commerce from or targeting the State of Michigan, importing products into this District for making of offers for sale and sale of infringing products, soliciting business within this District and soliciting to make infringing offers for sale of infringing products and derive substantial revenue from the sales of their products and/or services within this District and elsewhere in Michigan, and including the commission of acts of infringement as hereinafter stated.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code, §§1 et seq.

6. This Court has jurisdiction in this action under 28 U.S.C. §§1331 and 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400.

## BACKGROUND ALLEGATIONS

7. On June 22, 2010, United States Patent No. 7,740,458 was duly and legally issued to Adapt-A-Case as assignee for an invention entitled "Transfer Case Pump Bracket" (hereinafter "the '458 Patent"). A true and correct copy of the '458 Patent is attached as Exhibit 1. As reflected on the face of Exhibit 1, the '458 Patent issued from application Serial No. 11/524,821, filed on September 21, 2006, and claiming priority to a provisional patent application Serial No.

60/811,955 filed on June 8, 2006. As reflected on the face of Exhibit 1, the ‘458 Patent has a term extended or adjusted by 944 days.

8. On May 24, 2011 United States Patent No. 7,946,830 was duly and legally issued to Adapt-A-Case as assignee for an invention entitled "Transfer Case Pump Bracket " (hereinafter "the '830 Patent"). A true and correct copy of the '830 Patent is attached as Exhibit 2. As reflected on the face of Exhibit 2, the '830 Patent issued from application Serial No. 12/796,150 as a continuation application of application Serial No. 11/524,821, and claiming priority to provisional patent application Serial No. 60/811,955 filed on June 8, 2006.

9. Adapt-A-Case is the owner, by valid assignment, of all right, title, and interest in and to the '458 Patent and the '830 Patent, including the right to seek remedies and relief for infringement thereof.

10. Adapt-A-Case manufactures and sells Transfer Case Pump Brackets that practice the patented technology of the '458 Patent and the '830 Patent. For example, Adapt-A-Case markets its patented Transfer Case Pump Brackets through its website https://adaptacase.com/brny.html, as shown below in a screen capture from that website shown to the left, and alongside Figure 2 from the ‘458 Patent shown to the right:






FIG. 2

11. Upon information and belief, Defendants Dirty Hooker and Burkhard have marketed, imported, used, offered for sale and/or sold, Transfer Case Pump Brackets under at least the names "Transfer Case Pump Rub Plate" and "Transfer Case Pump Rub Plate Kit" as shown below (hereinafter "Defendants' Transfer Case Pump Brackets ").









12. As shown below is a photograph of a DHD Transfer Case Drop In Pump Rub Wear Plate (part no. DHD 10-001 Pump Rub plate), shown to the left, and alongside Figure 2 from the '458 Patent shown to the right:






FIG. 2

13. Upon information and belief, Defendant Burkhard is the owner and operator of Dirty Hooker, and Burkhard has authority and control over Dirty Hooker and over the products distributed by Dirty Hooker and the design and configuration thereof and over the sales and

distribution of the products distributed by Dirty Hooker, including authority and control over the products of Dirty Hooker that are alleged to infringe the '458 and ‘830 Patents.

14. Upon information and belief Defendant Burkhard has participated directly in the acquisition, marketing and sale of the products of Dirty Hooker that are alleged to infringe the '458 and ‘830 Patents, as well as willfully and intentionally directed the infringement of the'458 and ‘830 Patents.

15. Upon information and belief, Defendant Burkhard does not comply with the requirements for operation of Dirty Hooker as a limited liability company in the State of Michigan and operates Dirty Hooker as Burkhard’s alter ego, subject to a “piercing of the corporate veil” of Dirty Hooker.

16. Claim 1 of the '458 Patent recites:

> 1. A bracket for use with a fluid pump in a transfer case of a vehicle, the fluid pump being at least partially received within a pump cavity of the transfer case housing, said bracket comprising:
>
> a base member, said base member to contacting an exterior surface of the fluid pump and being positioned between the fluid pump and the transfer case housing when the fluid pump is assembled into the pump cavity of the transfer case housing; and
>
> at least one support member extending from said base member, said at least one support member including a tab member, said tab member being generally coplanar with said base member and being received within an indent portion of the pump cavity when said bracket is installed within the pump cavity;
>
> said at least one support member at least partially inhibiting the fluid pump from contacting the transfer case housing proximate the indent portion of the pump cavity.

17. Defendants’ Transfer Case Pump Brackets, including as shown in the photographs above, meets each and every claim limitation of at least claim 1 of the '458 Patent.

18. Defendants’ Transfer Case Pump Brackets, upon information and belief, are Transfer Case Pump Brackets designed and made for use in the transfer cases of vehicles in

which the fluid pump is at least partially received in a pump cavity of the transfer case housing. Upon information and belief Defendants' Transfer Case Pump Brackets include a ring-shaped base member shaped and made to be located between the fluid pump and transfer case housing when installed, and the ring-shaped base member configured to contact an exterior surface of the fluid pump when installed. Upon information and belief, Defendants' Transfer Case Pump Brackets include at least one generally rectangular tab or tab member that extends radially from the ring-shaped base member, and include multiple said tab member extending radially from the base member, which act as a support. The tab members lie generally in a plane with the base member, and are configured be fitted into or received in an indent of the pump cavity when installed. The support of Defendants' Transfer Case Pump Brackets at least partially inhibit the fluid pump from making contact with the transfer case housing near the pump cavity indent.

19. Claim 1 of the '830 Patent recites:

> A bracket for use with a fluid pump in a transfer case of a vehicle, said bracket comprising:
> a base member, said base member including an outer periphery; and
>
> a plurality of support members, said support members extending outwardly from said outer periphery of said base member, with each said support member comprising at least one wall member;
>
> said base member being positioned within a fluid pump cavity of a transfer case housing when installed into the transfer case, where the fluid pump cavity includes a plurality of indent portions for receiving lugs extending from the fluid pump, with each said support member being disposed within a separate indent portion of the fluid pump cavity and with said wall member being positioned between the transfer case housing and a portion of a lug of the fluid pump received within the respective indent portion such that said wall members at least partially inhibit the respective lug portions from contacting the transfer case housing proximate the indent portions of the fluid pump cavity.

20. Defendants' Transfer Case Pump Brackets, including as shown in the photographs above, meets each and every claim limitation of at least claim 1 of the'830 Patent.

21. Defendants' Transfer Case Pump Brackets, as discussed above regarding the '458 Patent, upon information and belief, are Transfer Case Pump Brackets designed and configured to provide a ring-shaped base member with a plurality of radially extending tabs that provide support as specified in the claim. On an edge of the tabs is a bumper surface forming a wall member that extends at an angle out of the plane of the tab. The bracket is designed to be positioned as specified in Claim 1, and wall members at least partially inhibit lugs of the fluid pump from making contact with the transfer case housing near the pump cavity indent.

22. Adapt-A-Case has marked its products and/or their packaging with patent notice of its '458 and '830 Patents as well as provides patent notice via its website.

23. Defendants have constructive and/or actual knowledge of the '458 and '830 Patents. In addition, the filing and Notice of this action and the Complaint in this action provide actual notice to Defendants of the '458 and '830 Patents. Defendants thus have notice of the '458 and '830 Patent.

24. On or around April 24, 2015, counsel for Adapt-A-Case, sent a cease and desist demand to Defendants, providing notice of the '458 and '830 Patents and providing notice of the infringement by Defendants of the '458 and '830 Patents. Attached as Exhibit 3 is a true and correct copy of that notice.

25. Subsequent to receipt of the cease and desist demand of Exhibit 3, counsel for Adapt-A-Case communicated with Defendants, including communicating with Defendants through attorneys for Defendants. Defendants represented to Adapt-A-Case and promised that Defendants would cease sales and distribution of the infringing Transfer Case Pump Brackets which are the accused products in this action. Based upon those representations and promises, and in reliance thereon, Adapt-A-Case communicated that based on the ceasing of the

infringement Adapt-A-Case would not then demand payment for the infringement by Adapt-A-Case.

26. Notwithstanding these representations and promises by Defendants, Defendants did not cease its sales and distribution of the infringing Transfer Case Pump Brackets of Defendants. Unknown to Adapt-A-Case, Defendants continued their sales and distribution of the infringing Transfer Case Pump Brackets of Defendants.

27. Subsequently Adapt-A-Case learned that Defendants had continued their sales and distribution of the infringing Transfer Case Pump Brackets, and that the representations and promises made by Defendants were false and Defendants never stopped the sales and distribution of infringing products.

28. On or around February 17, 2026, counsel for Adapt-A-Case again sent a cease and desist demand to Defendants, yet again providing notice of the '458 and ‘830 Patents and providing notice of the infringement by Defendants of the '458 and ‘830 Patents. Attached as Exhibit 4 is a true and correct copy of that cease and desist demand.

29. Subsequent to receipt of the cease and desist demand of Exhibit 4, counsel for Adapt-A-Case communicated with Defendants, including communicating with Defendants through attorneys for Defendants. Counsel for Adapt-A-Case demanding a disclosure by Defendants of the total sales of the infringing Transfer Case Pump Brackets back through the original commencement of sales and distribution by Defendants.

30. In response to that demand, Defendants provided a disclosure on or about February 24, 2026, listing Transfer Case Pump Brackets purported to list the total sales of the infringing products. Defendants represented that the listing of February 24, 2026 was a listing of the total sales and distribution of the accused products back to the start of such distribution.

31. The listing of purported total sales provided February 24, 2026, however, was demonstrably false. Counsel for Adapt-A-Case so advised Defendants and demanded an accurate disclosure of the sales and distribution.

32. Defendants subsequently provided a further listing of purported sales and distribution with additional accused products, and have again represented that that this listing is a complete and accurate listing of all sales and distribution of the accused products.

33. An actual and justiciable controversy exists between Plaintiff Adapt-A-Case and Defendants concerning whether the actions of Defendant infringe, contributorily infringe and/or induce infringement of the asserted patents in suit, namely the '458 and ‘830 Patents.

COUNT I

Infringement of United States Patent No. 7,740,458

34. Plaintiff Adapt-A-Case incorporates and reasserts paragraphs 1-33 herein by reference.

35. The '458 Patent remains valid, enforceable, and unexpired.

36. Defendants, and each of them, has infringed and is infringing the '458 Patent by making, using, selling, and/or offering for sale in and to the United States products incorporating and embodying the patented invention of the '458 Patent, including Transfer Case Pump Brackets. Defendant have engaged in acts of direct infringement by itself that embody the patented Transfer Case Pump Brackets covered by at least claim 1 of the '458Patent including, but not limited to, manufacturing, using, offering for sale, and/or selling Transfer Case Pump Brackets meeting all of the requirements of claim 1, all in violation of 35 U.S.C. § 271(a).

37. Defendants, with knowledge, reckless disregard, and/or willful blindness amounting to knowledge of the infringement by the Transfer Case Pump Brackets of the '458

Patent, are offering to sell and has provided their Transfer Case Pump Brackets to third parties for use in infringing claims of the '458 Patent. Such third parties include, for example and without limitation, customers of Defendants. Use by third parties of the Transfer Case Pump Brackets obtained from or through Defendants directly infringes the '458 Patent, and Defendants' continued activities after knowledge constitute inducement of infringement by Defendants of the '458 Patent in violation of 35 U.S.C. § 271(b).

38. Upon information and belief Defendants have offered to sell and/or sells components of Defendant's Transfer Case Pump Brackets that are specially made or adapted for use in systems or applications for Defendants' Transfer Case Pump Brackets, alone or in combination of other components. Upon information and belief, Defendant have offered to sell and/or sells within the United States a component of a patented machine or combination constituting a material part of the claimed invention of the '458 Patent, with knowledge, reckless disregard, and/or willful blindness amounting to knowledge of the same to be especially made or especially adapted for use in an infringement of such patent, and which is not a staple article or commodity of commerce suitable for substantial noninfringing use, all as contributory infringement in violation of 35 U.S.C. § 271(c).

39. Upon information and belief, Defendant Burkhard has directed and directly engaged personally in the acts of infringement by Dirty Hooker, induced the infringement by Dirty Hooker and third parties of the '458 Patent and in the acts of contributory infringement by Dirty Hooker of the '458 Patent.

40. Defendants' actions have been and are an infringement of the '458 Patent in violation of 35 U.S.C. §271, et seq., of the Patent Statute.

41. Upon information and belief, Defendants' infringement, inducement of infringement, and contributory infringement are willful.

42. Despite any statement to the contrary, Defendants will continue to infringe, induce the infringement of, and contributorily infringe the '458 Patent unless enjoined by this Court.

43. Defendants' infringement, contributory infringement and inducement of infringement have resulted in damage to Adapt-A-Case and will continue to do so unless enjoined by this Court.

44. Adapt-A-Case has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

45. Adapt-A-Case has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

46. In the alternative, Adapt-A-Case is entitled to a declaration from the Court establishing that the actions of Defendants are infringing, contributorily infringing and inducing infringement of the '458 Patent.

## COUNT II

## Infringement of United States Patent No. 7,946,830

47. Plaintiff Adapt-A-Case incorporates and reasserts paragraphs 1-46 herein by reference.

48. Prior to its expiration on September 21, 2026, the '830 Patent was valid, enforceable, and unexpired.

49. Prior to September 21, 2026, Defendants infringed, contributorily infringed and induced infringement of the '830 Patent.

50. Defendants, and each of them, prior September 21, 2026, have infringed the '830 Patent by making, using, selling, and/or offering for sale in and to the United States products incorporating and embodying the patented invention of the '830 Patent, including Transfer Case Pump Brackets. Defendant have engaged in acts of direct infringement by itself that embody the patented Transfer Case Pump Brackets covered by at least claim 1 of the '830 Patent including, but not limited to, manufacturing, using, offering for sale, and/or selling Transfer Case Pump Brackets meeting all of the requirements of claim 1, all in violation of 35 U.S.C. § 271(a).

51. Defendants, with knowledge, reckless disregard, and/or willful blindness amounting to knowledge of the infringement by the Transfer Case Pump Brackets of the '830 Patent, prior to September 21, 2026, have offered offering to sell and has provided their Transfer Case Pump Brackets to third parties for use in infringing claims of the '830 Patent. Such third parties include, for example and without limitation, customers of Defendants. Use by third parties prior to September 21, 2026, of the Transfer Case Pump Brackets obtained from or through Defendants directly infringed the '830 Patent, and Defendants' continued activities after knowledge constitute inducement of infringement by Defendant of the '830 Patent in violation of 35 U.S.C. § 271(b).

52. Upon information and belief, prior to September 21, 2026, Defendants has offered to sell and/or sells components of Defendants' Transfer Case Pump Brackets that are specially made or adapted for use in systems or applications for Defendants' Transfer Case Pump Brackets, alone or in combination of other components. Upon information and belief, prior to September 21, 2026, Defendants have offered to sell and/or sells within the United States a component of a patented machine or combination constituting a material part of the claimed invention of the '830 Patent, with knowledge, reckless disregard, and/or willful blindness

amounting to knowledge of the same to be especially made or especially adapted for use in an infringement of such patent, and which is not a staple article or commodity of commerce suitable for substantial noninfringing use, all as contributory infringement in violation of 35 U.S.C. § 271(c).

53. Upon information and belief, Defendant Burkhard has directed and directly engaged personally in the acts of infringement by Dirty Hooker, induced the infringement by Dirty Hooker and third parties of the '830 Patent and in the acts of contributory infringement by Dirty Hooker of the '830 Patent.

54. Defendants' actions have been and are an infringement of the '830 Patent in violation of 35 U.S.C. §271, et seq., of the Patent Statute.

55. Upon information and belief, Defendants' infringement, inducement of infringement, and contributory infringement were willful.

56. Defendants' infringement and inducement of infringement have resulted in damage to Adapt-A-Case.

57. Adapt-A-Case has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

58. In the alternative, Adapt-A-Case is entitled to a declaration from the Court establishing that the actions of Defendants have infringed, have contributorily infringed and have induced infringement of the '830 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Adapt-A-Case demands that judgment be entered in its favor against Defendant, as follows:

(a) Entering an order determining and/or declaring that Defendants have and are infringing, contributorily infringing and inducing infringement of the '458 Patent, and that Defendants have infringed, contributorily infringed and induced infringement of the '830 Patent.

(b) Permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with Defendants, and each of them, from further manufacturing, sale, offer for sale, and/or use of an apparatus which infringes, induces infringement of, or contributorily infringes the '458 Patent.

(c) Permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with Defendants, and each of them, from further acts of infringement of the '458 Patent.

(d) Ordering an accounting.

(e) Awarding damages adequate to compensate Adapt-A-Case for Defendants' infringement, contributory infringement and inducement of infringement of the '458 and '830 Patents.

(f) Increasing the damages up to three times the amount found or assessed for Defendants' willful acts of infringement.

(g) Awarding prejudgment interest and costs.

(h) Finding this to be an exceptional case and awarding reasonable attorney's fees to Adapt-A-Case.

(i) Such other and further relief as is necessary and appropriate.

## JURY DEMAND

Plaintiff Adapt-A-Case hereby demands a trial by jury of all issues triable by jury in this action.

Dated: November 19, 2026

*_/s/ Terence J. Linn_________________*

Terence J. Linn
Karl T. Ondersma
Gardner, Linn, Burkhart & Ondersma LLP
2900 Charlevoix Dr., S.E., Ste. 300
Grand Rapids, Michigan 49546
Tel: (616) 975-5500
linn@gardner-linn.com
ondersma@gardner-linn.com

*Counsel for Adapt-A-Case, Inc.*